## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | **Case No. 18-30028** |
| **Timothy Gipson,** | ) | |
| | ) | **Chapter 13** |
| | ) | |
| **Debtor.** | ) | |

### DEBTOR'S MOTION TO SET ASIDE ORDER DISMISSING CASE

Debtor, by and through counsel, hereby moves this Honorable Court, pursuant to Fed. R. Bankr. P. 9023, to set aside the order dismissing his case and reinstate the automatic stay. As support for such, Debtor states as follows:

1. Debtor filed a petition for Chapter 13 bankruptcy relief on January 5, 2018. Debtor filed a plan this same day, proposing to make payments of $684.00 per month for 37 months.

2. Debtor brought his first bankruptcy payment to his bankruptcy counsel's office on February 1, 2018, and the office staff mailed the payment to the Trustee that day. This payment posted to Debtor's bankruptcy case on February 8, 2018. Debtor attended the § 341 Meeting of Creditors that was held on March 1, 2018.

3. Thereafter, Debtor's counsel attempted to call Debtor several times between March 14, 2018, and March 28, 2018, about an objection to confirmation that Bestway Rentals filed. Debtor's counsel did not successfully make contact with Debtor during this time period because Debtor had not renewed his cell phone minutes.

4. When the confirmation hearing was held on April 2, 2018, the Court denied confirmation and dismissed the case due to Debtor's low pay record. At that time, the February 8, 2018, payment was the one payment that had posted to the case. Because Debtor's plan was amended in March, the 13Network website erroneously showed a payment of $684.00 and $780.00 due for that month, and the site therefore calculated Debtor's pay percentage at 32%. However, his actual pay percentage at that time was closer to 50%.

5. Furthermore, another payment of $684.00 posted to the case on April 10, 2018, which would bring the pay percentage close to 67%.

6. On April 12, 2018, Debtor called the undersigned's office after he received the order dismissing his case. He explained that he believed his payments did not begin until after he went to court for the Meeting of Creditors. He stated he thought the undersigned was holding the payment he brought to the office in February until after he went to court. Therefore, he believed he was current on bankruptcy payments because he did not go to court until March and made another payment in April.

7. Debtor has stated he can go forward with this case because he missed one payment due to the belief that his payments did not begin until after he went to court. He has the ability to make the payments, has brought his pay record to nearly 67%, and understands his payments are now $780.00 per month.

WHEREFORE, the premises considered, Debtor moves this Court to set aside the order dismissing his case, thereby reinstating the case and the automatic stay.

Respectfully submitted April 13, 2018.

/s/ Richard Shinbaum
Richard Shinbaum ASB-8638-B54R
Attorney for Debtor
The Shinbaum Law Firm, P.C.
566 South Perry Street
Montgomery, AL 36104
334-269-4440- Selma 334-872-4545
rshinbaum@smclegal.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing motion on all parties listed below by CM/ECF or by mail on April 13, 2018.

/s/ Richard Shinbaum
Richard Shinbaum ASB-8638-B54R

Chapter 13 Trustee

Credit Acceptance
25505 W 12 Mile Rd
Southfield, MI 48034

Credit Central
700 E North St, Suite 15
Greenville, SC 29601

Spire Alabama
2101 6th Ave North
Birmingham, AL 35203

Bestway Rentals
c/o Paul Spina
[electronically]

Radiology Group
c/o Holloway Credit Solutions
PO Box 230609
Montgomery, AL 36123

1st Franklin Financial
c/o Richard C. Dean, Jr.
[electronically]

Emergency Services of Montgomery
PO Box 1123
Minneapolis, MN 55440

Baptist Health
c/o Chambless Math & Carr
[electronically]